{¶ 32} I write separately regarding the sixth assignment of error, since I believe the majority, while reaching the correct destination, has done so by the wrong path. By his sixth assignment, appellant challenges the proportionality of his sentence, pursuant to R.C.2929.11(B). The majority's application of Foster to this challenge is not justified. Foster gives trial courts full discretion to impose sentences in the statutory range, and consecutive sentences. Id. at paragraph seven of the syllabus. It eliminates the appellate statute, R.C. 2953.08(G)(2), regarding sections of the sentencing statutes which were severed. Foster at ¶ 99. However, nothing in Foster dictates that the *Page 11 
sentencing statute is inapplicable regarding sections of the sentencing statutes which retain their vitality — such as R.C. 2929.11
(B). Any challenge to the proportionality of a sentence of imprisonmentwill, necessarily, challenge its length. But absent further direction from the Supreme Court of Ohio, this collateral effect of a proportionality challenge does not justify appellate courts in applying an abuse of discretion standard to such challenges. Stare decisis indicates the appropriate analysis is that dictated by R.C.2953.08(G)(2): de novo, applying the clear and convincing standard.
 {¶ 33} A de novo review of the record herein reveals no error by the trial court, whether legal, or by clear and convincing evidence.
 {¶ 34} I further question the power of this panel to issue opinions overruling established precedent of this court, and purporting to be binding on other, differently constituted panels.
 {¶ 35} Consequently, while concurring regarding disposition of the first through fifth assignments of error, I may only concur in judgment regarding disposition of the sixth. *Page 1